UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PAUL IACOVACCI,<br><br>            Plaintiff,<br>    v.<br><br>ROBERT W. NOKLEY, SR., an individual; NOKLEY GROUP, LLC, a Nevada limited liability company; DOE DEFENDANTS I THROUGH X; and ROE CORPORATIONS XI THROUGH XX,<br><br>            Defendants. | Case No. 2:17-cv-00148-MMD-NJK<br><br>ORDER |

Before the Court is Plaintiff's emergency motion for temporary restraining order ("Motion"). (ECF No. 4.) Plaintiff seeks to stop Defendants Robert W. Nokley ("Nokley") and Nokley Group, LLC ("NG") from continued dissipation of assets of NG. Plaintiff alleges that he entered into a contract with Defendants to purchase "workers compensation accounts receivable" to place them with collection agencies for collection, and Plaintiff made a cash investment of $150,000.00 in return for 30% participation interest in NG. (ECF No. 1 at 3.) According to Plaintiff, Defendants have refused to provide required information about NG's business and finances and Nokley improperly removed at least $44,000.00 from NG for Nokley's admitted personal use. (*Id.* 4.) The Complaint asserts a number of claims against both Nokley and NG, including claims for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty and misrepresentation. (*Id.* at 9.)

Upon consideration of the Motion and the Verified Complaint, and for good cause shown, the Court finds that:

1. The Court may issue a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65. The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F. 3d 832, 839 n.7 (9th Cir. 2001). Thus, in order to obtain a TRO, a plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). Alternatively, an injunction may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor, so long as plaintiff still shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). "Serious questions are those which cannot be resolved one way or the other at the hearing on the injunction." *Bernhardt v. Los Angeles Cnty.,* 339 F.3d 920, 926–27 (9th Cir. 2003) (internal quotation marks omitted) (*citing Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). They "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Marcos*, F.2d at 1362.

2. "An injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation marks omitted).

3. Plaintiff has satisfied the *Winter* factors by showing that (1) he will likely succeed on the merits of his claims because Defendants have purportedly misappropriated funds and made misrepresentations to cause Plaintiff to invest in NG, (2) he will likely suffer irreparable harm in the absence of temporary injunctive relief because Nokley admitted he took at least $44,000.00 from NG for his wife's medical

expense and Nokley's conduct supports Plaintiff's contention that Defendants will further dissipate NG's assets, (3) the balance of hardship tips in Plaintiff's favor and (4) a restraining order is in the public interest. Plaintiff is therefore entitled to a temporary restraining order.

For these reasons, the Court grants Plaintiff's emergency motion for temporary restraining order (ECF No. 4) and orders as follows:

(1) Defendants are temporarily enjoined from disposing of any property or removing any funds from any of their financial accounts without permission of this Court;

(2) Defendants must provide Plaintiff with a complete accounting of NG and the Receivables within five (5) days from service of this Order upon Defendants;

(3) Defendants must provide Plaintiff access to all books and records of NG, including all of NG's financial accounts within one (1) day from service of this Order upon Defendants; and

(4) Nokley must return any funds taken from NG.

This Order will remain in effect until the hearing on Plaintiff's motion for preliminary injunction (ECF No. 6.)

DATED THIS 2nd day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE